**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re: | |
| | Bankruptcy Case No. 26-11112 TBM |
| RYAN ROBERT BRASSELL, | Chapter 13 |
| | |
| Debtor. | |

_____

**ORDER DENYING MOTION TO REINSTATE**
_____

THIS MATTER comes before the Court on "Emergency Motion to Reinstate" (Docket No. 17, the "Motion") filed by Ryan Robert Brassell (the "Debtor").

## I.      Background.

The Debtor filed a voluntary petition for relief under Chapter 13 on February 26, 2026 (the "Petition Date").  He also filed a "Statement About Your Social Security Numbers" (Docket No. 3) and an "Application for Individuals to Pay the Filing Fee in Installments" (Docket No. 4, the "Application").  This is the Debtor's third *pro se* bankruptcy filing since February 27, 2025.[1]  This case, like the others, was highly deficient, in that the Debtor did not file all required documents with his initial filing.

On the Petition Date, the Court issued three documents:  (1) a "Notice to File Credit Counseling Certification" (Docket No. 5, the "Section 109(h) Notice"); (2) a "Notice of Deficiency" (Docket No. 6, the "Notice of Deficiency"); and (3) an "Order for Payment of Filing Fees in Installments and Notice of Dismissal in the Event of Default" (Docket No. 6, the "Fee Schedule Order").

In the Section 109(h) Notice, the Clerk of the Court advised the Debtor that he had until March 12, 2026, by which to file a certificate showing that he had received a briefing from an approved credit counseling agency within the 180 days before this bankruptcy case was filed, as required by 11 U.S.C. § 109(h).

---

[1]      The Debtor previously filed *In re Ryan Robert Brasell*, Bankr. Case No. 25-10978 TBM (Bankr. D. Colo.), seeking relief under Chapter 13, on February 27, 2025.  That case was dismissed on March 17, 2025, pursuant to Section 109(h).  Prior to that, the Debtor filed *In re Ryan Robert Brasell*, Bankr. Case No. 25-18242 TBM (Bankr. D. Colo.), also under Chapter 13, on December 17, 2025.  That case was dismissed on dismissed on January 1, 2026, pursuant to Section 109(h).

1

The Clerk warned that if the Debtor failed to file a Section 109(h) certificate, his case might be dismissed.  (Docket No. 5.)

In the Notice of Deficiency, the Court identified a number of documents that the Debtor had failed to file with his petition, including:

- Statement of Financial Affairs
- Summary of Assets and Liabilities and Certain Statistical Information
- All Schedules: A/B, C, D, E/F, G, H, I, J
- Declaration About an Individual Debtor's Schedules Official Form 106Dec
- Employee Income Records and/or Statement Concerning Payment Advices (L.B.F. 1007-6.1)
- Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Official Form 122C-1
- Chapter 13 Plan (L.B.F. 3015-1.1)
- Proof of legally sufficient service and notice of the plan, the deadline to file objections thereto, and the hearing on confirmation, to the U.S. Trustee, Chapter 13 Trustee, and all creditors and parties in interest

The Clerk notified that Debtor that all such documents were due by March 12, 2026, and warned:  "Your case is subject to dismissal if you fail to file the missing documents by the above date." (Docket No. 6.)

Finally, in the Fee Schedule Order, the Court ordered the Debtor to make the first installment payment of $126 on March 12, 2026, along with further payments.  The Clerk of the Court warned in the Fee Schedule Order:  "The Debtor is advised that failure to pay the statutory filing fees as set forth above shall constitute cause for dismissal, and Debtor may be further barred from filing a petition in this Court for 180 days pursuant to Title 11 U.S.C. § 109(g)."  All three Notices were sent to the Debtor at his address of record.  (Docket Nos. 8, 9, and 11.)

As of March 16, 2026, the Debtor had not filed the required certification under Section 109(h).  Accordingly, the Court entered the "Order Dismissing Case without Prejudice Due to Ineligibility" (Docket No. 14, the "Dismissal Order").

The Debtor filed the instant Motion on April 8, 2026, along with a "Certificate of Counseling" (Docket No. 18) which shows that he completed the credit counseling required by Section 109(h) on December 17, 2025.  In the Motion, the Debtor requests that the Court reinstate his Chapter 13 filing since he completed the received credit counseling prior to the petition date, stating:  "My

2

house is in foreclosure and scheduled for auction tomorrow April 9th, 2026, so I am asking for the original stay to be reinstated by the Court or for the Court to reimpose the stay."

## II.      Authority for "Reinstatement" of the Debtor's Case.

The Debtor has failed to cite any legal authority in support of the instant Motion.  Perhaps the Debtor wished to rely on Fed. R. Civ. P. 60, as incorporated by Fed. R. Bankr. P. 9024.  That Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Court construes the request to reinstate the Chapter 13 filing as a request to reconsider and vacate the Dismissal Order.

## III.      Legal Analysis.

### A.      The Court Denies the Request to Reinstate the Case.

The Debtor has not supported his request that the Court reconsider the Dismissal Order on the basis of any of the grounds for relief set forth above, but perhaps he asserts that dismissal was a "mistake" since, having completed the credit counseling course within 180 days prior to the Petition Date, he was eligible to be a debtor under Section 109(h).

3

Having reviewed the credit counseling certificate, the Court finds that the Debtor was, indeed, eligible under 11 U.S.C. § 109(h) to be a debtor on the Petition Date.  Under different circumstances, the Court might find that dismissal of the case was in error.  However, in this case, there are other reasons why dismissal of the case was warranted such that vacating the Dismissal Order is not merited or appropriate.  The Debtor did not timely comply with the Section 109(h) Notice.  Further, the Debtor still has not paid the first installment of his filing fee nor filed the statements and schedules needed for his case to proceed.  Also, the Debtor's section 341 meeting of creditors, which was set for March 31, 2026, did not occur, so the Debtor's creditors and the Chapter 13 Trustee did not have opportunity to examine him.  Because the Section 341 meeting is a critical step in any case, and because no bankruptcy case can progress in the absence of so many missing required documents,  the Court really had no choice other than to dismiss the Debtor's case.  At this point, reinstatement of the case would necessitate rescheduling the Section 341 meeting and providing notice to all creditors.  As such, the Court cannot find that the Debtor met his burden to prove grounds exist for vacating the Dismissal Order.

**B.**     **<u>The Court Cannot Reinstate or Impose a Stay</u>**

Even if the Court were to vacate the Dismissal Order, doing so would not stay the foreclosure proceeding that the Debtor seeks to prevent.

Generally, when a debtor files a bankruptcy case, an automatic stay goes into effect pursuant to 11 U.S.C. § 362(a).  Section 362(a) provides, in relevant part, that the filing of a bankruptcy petition

> operates as a stay, applicable to all entities, of –
>
> (1)   the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2)   the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3)   any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
>      . . .

(6)   any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a).  However, subsection (c)(4) of Section 362 provides:

(A)

(i)   if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii)   on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B)   if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C)   a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D)   for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i)   as to all creditors if—

(I)   2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

(II)   a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court

5

without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

(III)    there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

(ii)    as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4).  Congress enacted to this provision to "curb abuse by repeat filers."  As Judge Brown explained it, Section 362(c)(4) "prescribes that the automatic stay does not take effect when a petition is filed if the debtor has filed two or more prior bankruptcy cases within the previous year, unless a party in interest demonstrates that the filing of the new case is 'in good faith.'" *In re Murphy*, 493 B.R. 576, 580 (Bankr. D. Colo. 2013).  Further,

In those instances in which the debtor or another party convinces the court that the new case represents a good faith filing, Congress nevertheless only allows the stay to be imposed prospectively, and not retroactively.  It states that "a stay imposed under [this section] shall be effective on the date of the entry of the order allowing the stay to go into effect."  11 U.S.C. § 362(c)(4)(C).  Read together, these two subsections demonstrate that you can wipe out the stay retroactively, but you cannot impose it retroactively.  No doubt this reflects Congress' shared reluctance to upset any actions taken by creditors while the stay was not in effect.

Two cases filed by the Debtor were pending within the previous year but were dismissed prior to filing the instant case.  The Debtor did not file a motion

6

under Section 362(c)(4)(B) to impose the stay within the statutory deadline. Therefore, pursuant to 11 U.S.C. § 362(a)(4), the automatic stay under Section 362(a) never went into effect.  And, as Judge Brown explained in *Murphy*, the stay cannot be imposed retroactively after expiration of the 30-day period set forth in Section 362(c)(4)(B).  Further, the Bankruptcy Code does not authorize the Court to reimpose the automatic stay when the request is made more than 30 days after the petition date.

## IV.    Order

It is, therefore,

ORDERED that the Motion is DENIED.  The Debtor's case remains dismissed. [2]

DATED this 14th day of April, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge

---

[2]       If the Debtor files a new bankruptcy case, the Debtor should also take care to include all required documents (including the Section 109(h) Certificate, petition, schedules, statement of financial affairs and creditor matrix) as well as his telephone number and other contact information (including an email address, if the Debtor has an email address) in his case filing.  Further, if the Debtor files again, the Court *strongly encourages* the Debtor to seek the assistance of counsel.  Prosecution of matters in bankruptcy court requires familiarity with the Bankruptcy Code, the Federal Rules of Bankruptcy and Civil Procedure, and the Local Rules of this Court and the interplay among them.  The Bankruptcy Court and its staff are not permitted to advise debtors or other parties about how to proceed.  If the Debtor continues to file matters in this case, the Debtor will be held to the same standard as parties represented by counsel.  However, the Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost.  The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866.  Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan.  Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance.  Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321.  Its website is http://www.coloradolegalservices.org.  Other organizations also might be able to provide *pro bono* legal services.  *See* https://www.denbar.org/Public/Pro-Bono-Legal-Assistance.